IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA MIAMI DIVISION

**JURY TRIAL DEMANDED**

RICHARD MASON

Plaintiff,

vs.

BANK OF AMERICA, N.A.

Defendant.

_______________________________/

FILED BY [signature] D.C.
MAR 27 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## COMPLAINT

1. Plaintiff, Richard Mason, brings this action against Defendant, Bank of America, N.A. ("Bank of America" or "Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the Florida Consumer Collection Practices Act ("FCCPA"), §§ 559.55-559.785, et seq.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff is a natural person who, at all times relevant to this action, was a citizen of Miami-Dade County, Florida.

3. Defendant, Bank of America, is a national bank with its headquarters and principal place of business located in Charlotte, North Carolina. Bank of America is engaged in the business of issuing debit cards and credit cards for use by its customers across the

United States, including in the state of Florida.

4. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. This Court has jurisdiction over the state law claim under 28 U.S.C.S. § 1367(a), because it has original jurisdiction over the TCPA claim, and the FCCPA claim is so related to the TCPA claim that it forms the same case or controversy.

5. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within the State of Florida and Defendant's acts in making the calls at issues in this case have occurred within this district, subjecting Defendant to jurisdiction in the State of Florida.

## THE TCPA

6. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A). Consent may be revoked even once it is given.

7. The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

8. In an action under the TCPA, a Plaintiff must only show that the Defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." Breslow v. Wells Fargo Bank, N.A., 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), aff'd, 755 F.3d 1265 (11th Cir. 2014).

9. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

10. A Defendant in a TCPA case must demonstrate that it obtained the Plaintiff's prior express consent. See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

11. As recently held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any additional harm beyond the one Congress has identified.'" Van Patten v. Vertical Fitness Grp., No. 14-55980, 2017 U.S. App.

LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

## FACTS

12. Plaintiff is the subscriber and sole user of the 4675 Number, and is financially responsible for phone service to the 4675 Number.

13. Before May 24, 2024, Plaintiff began receiving multiple auto-dialed calls from Bank of America in an attempt to collect on the alleged credit card debt ending in 1024.

14. Plaintiff sent Bank of America a letter via certified mail on May 24, 2024, revoking any prior express consent for communication and requesting that Bank of America cease and desist from calling his phone number or any other number that Bank of America may have in its records ("Cease and Desist Letter").

15. In June of 2024, Plaintiff began logging the calls he was receiving to his cellular telephone number ending in 4675 (the "4675 Number") seeking to collect on the alleged credit card debt.

16. Plaintiff called the number back to confirm the identity of the caller, and each time there was a silence for approximately two seconds followed by an automated message that said, "this call may be record, welcome to Bank of America, to get started enter the last 4 digits of your card number," thus confirming that the auto- dialed calls were coming from Bank of America.

17. Exasperated from the incessant auto-dialed calls, Plaintiff blocked the number from which the auto-dialed calls were coming from. This strategy did not work as Plaintiff's voicemail box began to fill up with Bank of America's auto-dialed calls.

18. The voicemail messages from Bank of America are designed to sound like a real person, a woman. However, they are actually a prerecorded automated recording mimicking a real person, and not a live human being.

19. Plaintiff became frustrated that his request not to be called only resulted in auto-dialed calls, and blocking Bank of America's number only resulted in his voicemail box being filled up with prerecorded messages.

20. After the Cease and Desist Letter, the auto-dialed calls continued unabated. To date, Plaintiff has received at least 15 auto-dialed calls since he revoked consent.

21. In making the calls and sending prerecorded voicemail messages to Plaintiff, Defendant utilized equipment that has the capacity to store telephone numbers using a random or sequential generator, or to dial such numbers. The equipment also has the capacity to dial telephone numbers from a list of numbers without human intervention. Defendant's harassing calls caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion, and filling his voicemail box to capacity preventing him from using his phone for its desired purpose of communicating with friends and business associates unless he took his time to listen to Defendant's voicemails and delete them. Defendant's calls also inconvenienced Plaintiff and disrupted his daily life.

## STATE COUNTY COURT PROCEEDINGS

22. Plaintiff, appearing pro se, initially filed counterclaims in Miami-Dade County Court containing TCPA, FTSA, and FCCPA claims within his Answer and Affirmative Defenses on August 26, 2025, rather than as a separate pleading. On February 11, 2026, the state court held a special set hearing on Plaintiff's motion to dismiss the counterclaims and granted the motion without prejudice, expressly allowing Plaintiff one opportunity to re-file the counterclaims as a separate pleading for procedural correctness. Plaintiff timely filed the Amended Counterclaim on February 12, 2026. At the March 26, 2026, special set hearing on the second motion to dismiss, Plaintiff informed the Court that, in light of the Court's statements regarding its reluctance to hear federal TCPA claims, he wished to pursue the TCPA claim in federal court instead. The Court nevertheless dismissed all counterclaims with prejudice.

23. Defendant has filed a Statement of the Evidence or Proceedings pursuant to Fla. R. App. P. 9.200(b)(4) to create a record of the proceedings because neither hearing was recorded and no transcript exists (Exhibit E).

24. The TCPA claim asserted in this federal action is based on the same underlying conduct as the state-court counterclaim but has been significantly amended to address federal pleading standards, including the requirements of Facebook, Inc. v. Duguid, 592 U.S. 395 (2021).

25. Plaintiff respectfully submits that the state-court dismissal with prejudice does not preclude this federal TCPA action. The TCPA establishes independent federal rights

and remedies and grants concurrent jurisdiction to both state and federal courts. See Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012).

26. The state court dismissal with prejudice for TCPA was strictly procedural due to the jurisdiction venue, not a merits-based judgment, so it cannot preclude federal adjudication.

27. The limited procedural opportunity afforded to Plaintiff as a pro se litigant in state court did not constitute a full and fair adjudication on the merits of the TCPA claim.

28. The FCCPA claims asserted in this federal action differ completely from those dismissed in state court. They arise from different parties, different conduct, and different time periods than those previously litigated in state court. Therefore, res judicata does not bar these new TCPA and FCCPA claims.

**COUNT I**

**<u>Violations of the TCPA, 47 U.S.C. § 227(b)</u>**

29. Plaintiff re-alleges and incorporates paragraphs numbered 1–29 as if fully set forth herein.

30. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a … cellular telephone service …." 47

U.S.C. § 227(b)(1)(A)(iii).

31. "Automatic telephone dialing system" refers to any equipment that has the "capacity to dial numbers without human intervention." See, e.g., Hicks v. Client Servs., Inc., No. 07-61822, 2009 WL 2365637, at *4 (S.D. Fla. June 9, 2009) (citing FCC, In re: Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991: Request of ACA International for Clarification and Declaratory Ruling, 07–232, 12, n.23 (2007)).

32. Defendant – or third parties directed by Defendant – used equipment having the capacity to dial numbers without human intervention to make non-emergency telephone calls to the cellular telephone of Plaintiff and to play a prerecorded message when Plaintiff answered the calls or the calls were sent to his voicemail.

33. These calls were made without regard to whether or not Defendant had first obtained express permission from the called party to make such calls or whether consent had been revoked if it had been given.

34. Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cell phone of Plaintiff and to play a prerecorded message when the calls were answered either by Plaintiff or his voicemail without Plaintiff's prior express consent and after any consent that had arguably been given was expressly

revoked.

35. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff was harmed and is entitled to a minimum of $500.00 in damages for each call made in violation of the TCPA. Plaintiff is also entitled to an injunction against future calls. Id.

**WHEREFORE**, Plaintiff, Richard Mason, prays for the following relief:

a. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b. An injunction prohibiting Defendant from using an automatic telephone dialing system to call Plaintiff's cellular telephone or to call Plaintiff's cellular phone using a prerecorded message without Plaintiff's prior express consent;

c. An award of actual and statutory damages; and

d. Such further and other relief the Court deems reasonable and just.

## COUNT II

**Knowing and/or Willful Violation of the TCPA, 47 U.S.C. § 227(b)**

30. Plaintiff re-alleges and reincorporates paragraphs 1–34 as if fully set forth herein.

31. At all times relevant, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

32. Defendant knew that it did not have prior express consent to make these calls, certainly knew that it did not have express written consent after Plaintiff twice revoked any consent that had purportedly been given, once over the phone and once in writing. Thus, Defendant knew or should have known that its conduct was a violation of the TCPA.

33. Because Defendant's violations of the TCPA were done willfully or knowingly, the Court should treble the amount of statutory damages available to Plaintiff pursuant to § 227(b)(3)(C) of the TCPA.

34. As a result of Defendant's violations, Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff, Richard Mason, prays for the following relief:

a. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b. An award of actual and treble statutory damages up to $1,500.00 per call; and

c. Such further and other relief the Court deems reasonable and just.

## COUNT III

## Violation of the FCCPA, § 559.77

35. Plaintiff re-alleges and reincorporates paragraphs 1–42 as if fully set forth herein.

36. "In collecting consumer debts, no person shall: . . . Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." § 559.72(7), Fla. Stat.

37. Section 559.77 of the Florida Statutes creates a private right of action for any person who fails to comply with any provision of section 559.72.

38. "No definitive threshold has been set to determine what frequency or volume of calls violates the FCCPA, but 'courts generally have held that one or two phone calls per day are not sufficient . . . absent evidence of other egregious conduct associated with the calls.'" Miller v. Ginny's Inc., 287 F. Supp. 3d 1324, 1330 (M.D. Fla. 2017) (alteration in original) (quoting Wolhuter v. Carrington Mortg. Servs., LLC, No. 8:15-cv-552-MSS-TBM, 2015 U.S. Dist. LEXIS 184818, 2015 WL 12819153, at *3 (M.D. Fla. Oct. 28, 2015)). Continually contacting a debtor who has requested that calls stop after reasonable attempts at negotiation have failed crosses this line because "the communication 'can reasonably be expected

to harass the debtor' and 'tends only to exhaust the resisting debtor's will.'" Miller v. Ginny's Inc., 287 F. Supp. 3d 1324, 1331 (M.D. Fla. 2017) (quoting Story v. J. M. Fields, Inc., 343 So. 2d 675, 677 (Fla. 1st DCA 1977)).

39. For slightly more than a month, Defendant called Plaintiff's cellular phone at least once daily, and on occasion more than once daily. All of these calls occurred after Plaintiff orally demanded that Bank of America not call him anymore, and more than half of the calls occurred after Plaintiff followed up with a letter demanding that Defendant cease calling him. Interestingly, the auto-dialed calls did not begin until after Plaintiff demanded that Bank of America not call him.

40. Because Defendant called Plaintiff on a daily, and sometimes more than daily basis, after reasonable attempts at negotiation and persuasion had failed and Plaintiff twice demanded that Defendant cease calling him, Defendant's made calls made with such frequency as can reasonably be expected to harass the debtor or willfully engaged in conduct which can reasonably be expected to abuse or harass the debtor.

41. Defendant's actions were willful, malicious, intentional and knowing, and in gross or reckless disregard of the rights of the Plaintiff.

42. Defendant's actions have directly and proximately resulted in Plaintiff's sustaining actual damages including, but not limited to: emotional pain and

suffering, anger, fear, worry, embarrassment, humiliation, loss of the capacity for enjoyment of life, and harassment.

**WHEREFORE**, Plaintiff, Richard Mason, prays for the following relief:

a. A declaration that Defendant's practices described herein violate the Florida Consumer Collection Practices Act, § 559.72(7);

b. An award of statutory damages of $1,000.00 per willful violation pursuant to Fla. Stat. § 559.77(2);

c. Punitive damages pursuant to § 559.77(2);

d. Costs and Attorney's fees pursuant to § 559.77(2); and

e. Such further and other relief the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Dated: March 27, 2026

Respectfully submitted,

Richard Mason
Plaintiff, Pro Se
No Residential Mailing Address
(786) 416-4675
RichardMasonTV@gmail.com

# EXHIBIT INDEX

Plaintiff's Complaint exhibits.

A. **Exhibit A: TCPA Violations Log Sheet**

Call Log and Evidence of fifteen (15) TCPA & FCCPA Violations (post-revocation "ATDS" calls, timestamps, phone numbers, voicemail recording of prerecorded message)

B. **Exhibit B: National and Florida Do Not Call List Confirmation**

Confirmation of Registration on National and Florida Do Not Call Lists before Plaintiff began receiving "ATDS" calls from Defendant.

C. **Exhibit C: Cease and Desist Letter from Defendant to Plaintiff**

Cease-and-Desist Letter to Plaintiff sent on May 21, 2024, and delivered on May 24, 2024 (via USPS Certified Mail)

D. **Exhibit D: Audio voicemail recording (ESI)**

File name: "Exhibit_D_Bank_of_America_Robocall_6-5-2024 - Robo Call.m4a" (.m4a format), dated June 5, 2024, at 1:53 p.m.; call made from Defendant's ATDS phone number 1-877-404-6550; automated prerecorded message consistent with autodialer use. Filed as a separate USB thumbdrive attachment (audio file) and to be provided during discovery.

E. **Exhibit E: Defendant's Statement of the Evidence or Proceedings**

Pursuant to Fla. R. App. P. 9.200(b)(4), filed in Miami-Dade County Court on March 27, 2026, creating a record of the February 11, 2026 and March 26, 2026 hearings because no transcript or recording exists.

# EXHIBIT A

# TCPA Violations - Call Log

| Date | Time | Communication Type | Phone Number |
|---|---|---|---|
| 7/10/2024 | 1:11 p.m. | Phone Call | 1-800-310-5587 |
| 7/8/2024 | 5:00 p.m. | Phone Call | 1-800-310-5587 |
| 7/2/2024 | 1:49 p.m. | Phone Call | 1-800-310-5587 |
| 6/28/2024 | 1:49 p.m. | Phone Call | 1-800-310-5587 |
| 6/26/2024 | 1:10 p.m | Phone Call | 1-800-310-5587 |
| 6/21/2024 | 1:00 p.m. | Phone Call | 1-888-386-0682 |
| 6/18/2024 | 12:37 p.m. | Phone Call | 1-800-310-5587 |
| 6/17/2024 | 11:34 a.m | Phone Call | 1-800-310-5587 |
| 6/13/2024 | 2:07 p.m | Phone Call | 1-800-310-5587 |
| 6/12/2024 | 8:19 p.m | Phone Call | 1-800-310-5587 |
| 6/11/2024 | 1:56 p.m. | Phone Call | 1-866-442-5030 |
| 6/10/2024 | 12:21 p.m. | Phone Call | 1-866-442-5030 |
| 6/8/2024 | 4:52 p.m. | Phone Call | 1-877-404-6550 |
| 6/6/2024 | 7:39 p.m. | Phone Call | 1-800-310-5587 |
| 6/5/2024 | 1:53 p.m. | Phone Call | 1-877-404-6550 |
| | | **Total Violations:** | **15** |
| | | **Total TCPA Monetary Damages:** | **$22,500** |

According to the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, the victim can receive $1,500 per violation if the business violated TCPA laws willfully after a cease & desist letter was sent to the business entity.

# EXHIBIT B

# SUBSCRIBE & UNSUBSCRIBE!

Fields with (*) asterisks are REQUIRED fields.

## Resources

- Report A Call or Text
- Recent News & Updates
- Download the Complaint Form

### Verify Subscription

Phone: [ ] XXX-XXX-XXXX

VERIFY

### Subscribe

◉ Single Phone Number ○ Multiple Phone Numbers

1.* [ ] XXX-XXX-XXXX

Email:* [ ]

☐ *I would like to subscribe to the Florida Consumer E-Newsletter*

SUBSCRIBE

## Confirmation

The department has received your subscription to the Florida Do Not Call List.

Telephone number(s) added: will become effective 07/01/2024.
786-416-4675
An email confirming your request was sent to: RICHARDMASONTV@GMAIL.COM
Numbers become effective at the beginning of each quarter. The number will remain on the list indefinitely.

Important Note:
In order to make the list available to solicitors, the list is closed to new subscriptions one month prior to the beginning of the next quarter. This is done to allow solicitors the opportunity to update and maintain a current/accurate list for an entire quarter. Should you register your number during the closed period, it will become effective the following quarter.
Example: Subscribe on December 21, the effective date will be April 1.

To find out the latest information regarding Unsolicited Communications,
visit: https://www.fdacs.gov/Consumer-Resources/Florida-Do-Not-Call

### Unsubscribe

Phone:* [ ] XXX-XXX-XXXX

E-mail:* [ ]

UNSUBSCRIBE

Gmail

Richard Mason <richardmasontv@gmail.com>

# National Do Not Call Registry - Your Registration Is Confirmed

1 message

**Verify@donotcall.gov** <Verify@donotcall.gov> Sun, May 19, 2024 at 5:20 PM
To: RichardMasonTV@gmail.com

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 4675 on May 09, 2016. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov to register another number or file a complaint against someone violating the Registry.

*****************************************************************************************************************

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.

# EXHIBIT C

BANK OF AMERICA, N.A.
P.O. BOX 15284
WILMINGTON, DE 19850

Current Balance: $1,834.48
Original Creditor Acct# Ending: 6657
Current Balance: $8,081.15
Original Creditor Acct# Ending: 4644
Current Balance: $11,005.25
Original Creditor Acct# Ending: 1024

May 21, 2024

**Re: Cease & Desist from Communication - Telephone Consumer Protection Act Violations**

To Whom It May Concern:

Pursuant to my rights under the FDCPA, I am demanding you immediately stop any and all forms of communication with me, my family, friends, and employer regarding this and all other alleged debts you are attempting to collect from me. If you are claiming I ever consented to receive calls, texts and/or emails, while I deny that I did, I hereby revoke that consent pursuant to my rights under both the FDCPA and the Telephone Consumer Protection Act 47 U.S.C. § 227 regarding my personal phone number (786) 416-4675, and all alleged debts you claim I owe and/or you are attempting to collect from me. I request that you immediately stop using any and all but not limited to phone calls from any BANK OF AMERICA, N.A. company phone number (example: 1-888-248-4226) or but not limited to any affiliates or debt collection companies working for you and using any automatic telephone dialing system equipment which has the capacity to (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

This cease & desist letter is to notify you that any calls, texts, or emails I receive from you after the date in this letter will be done so by BANK OF AMERICA, N.A. knowingly & willfully against my consent. If legal action is taken against but not limited to you, and I provide sufficient evidence of but not limited to the unsolicited calls, texts, emails, "Robo Calls" made by you, then I can recover up to $1,500 per phone call showing you violated TCPA laws knowingly and willfully. If you do not comply with this request, then I will pursue all legal action against you.

Sincerely,

RICHARD MASON
Phone Number: (786) 416-4675
Email(s): RichardMasonIV@gmail.com, iamRichardMason@gmail.com, mason8252@aol.com
1065 SW 8TH ST. PMB 5542
MIAMI, FLORIDA 33130

cc Federal Communications Commission
Sent via Certified Mail

$4.40

$0.00
$0.00
$0.00
$0.00
$0.00

$0.62

0070
50

05/21/2024

Bank of America
PO Box 15284
Wilmington, DE 19850

70223330000029221943

| | |
|---|---|
| Total | $5.08 |
| Grand Total: | $5.08 |
| Debit Card Remit | $5.08 |

Card Name: MasterCard
Account #: XXXXXXXXXXXX9109
Approval #: 164078
Transaction #: 564
Receipt #: 096681
Debit Card Purchase: $5.08
AID: A0000000042203 Chip
AL: US Debit
PIN: Verified

Text your tracking number to 28777 (2USPS) to get the latest status. Standard Message and Data rates may apply. You may also visit www.usps.com USPS Tracking or call 1-800-222-1811.

In a hurry? Self-service kiosks offer quick and easy check-out. Any Retail Associate can show you how.

Preview your Mail
Track your Packages
Sign up for FREE @
https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

Tell us about your experience.
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device,

or call 1-800-410-7420.

UFN: 361399-0070
Receipt #: 840-52800674-1-10328768-2
Clerk: 50

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA MIAMI DIVISION

CASE NO.:

RICHARD MASON

Plaintiff,

vs.

BANK OF AMERICA, N.A.

Defendant.

_______________________________/

## PLAINTIFF'S NOTICE OF FILING EXHIBIT D TO COMPLAINT

COMES NOW Plaintiff, Richard Mason, appearing pro se, and respectfully files this Notice of Filing Exhibit D to the Complaint filed contemporaneously herewith:

**Exhibit D:** Audio Voicemail Recording (ESI)
**File Name:** Exhibit_D_Bank_of_America_Robocall_6-5-2024 - Robo Call.m4a (.m4a format)
**Date of Recording:** June 5, 2024 at 1:53 p.m.
**Originating Number:** 1-877-404-6550
**Description:** Actual audio recording of a prerecorded/robocall placed by Defendant to Plaintiff's cellular telephone number (786) 416-4675. This recording demonstrates the use of an artificial or prerecorded voice consistent with an automatic telephone dialing system.
This Exhibit is being submitted on a USB thumb drive and is incorporated by reference into the Complaint.

Dated: March 27, 2026

Respectfully submitted,

_______________________

Richard Mason
Plaintiff, Pro Se
No Residential Mailing Address
(786) 416-4675
RichardMasonTV@gmail.com

# EXHIBIT E

Filing # 244723636 E-Filed 03/27/2026 03:29:27 AM

IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2025-122162-CC-05

BANK OF AMERICA, N.A.

Plaintiff,

vs.

RICHARD MASON

Defendant.

________________________________/

**DEFENDANT'S STATEMENT OF THE EVIDENCE OR PROCEEDINGS**

**(Pursuant to Fla. R. App. P. 9.200(b)(4))**

Defendant/Counter Plaintiff, Richard Mason, appearing pro se, respectfully submits this Statement of the Evidence or Proceedings because both special set hearings in this matter were not recorded and no official transcript exists.

1. On February 11, 2026, the Court held a special set hearing on Plaintiff's Motion to Dismiss Defendant's initial Counterclaim. The Court granted the motion without prejudice and expressly allowed Defendant one opportunity to re-file the counterclaims as a separate pleading for procedural correctness. Defendant had initially included the counterclaims within his Answer and Affirmative Defenses filed on August 26, 2025. Defendant timely filed the Amended Counterclaim on February 12, 2026.

2. On March 26, 2026, the Court held a second special set hearing on Plaintiff's Motion to Dismiss the Amended Counterclaim. During the hearing, Defendant informed the Court that, in light of the Court's statements regarding its reluctance to hear federal TCPA claims, Defendant wished to pursue the TCPA claim in federal court instead. The Court nevertheless dismissed all counterclaims with prejudice.

3. No court reporter was present at either hearing, and no audio or video recording was made. No official transcript of either proceeding exists.

Defendant submits this Statement in good faith to create a record of the proceedings for any future appellate or related proceedings.

Dated: March 27, 2026

Respectfully submitted,

eSigned by

03/27/2026 @ 03:20 EDT

Richard Mason
Defendant, Pro Se
No Residential Mailing Address
(786) 416-4675
RichardMasonTV@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by:

☑ Florida Courts E-Filing Portal

☐ USPS Certified Mail

to Plaintiff's counsel, Juan G. Andreu, FL 173060, at email address eservice@andreupalma.com, on this 27th day of March, 2026.

# Signature Certificate

Document completed by all parties on 03/27/2026 @ 03:20 EDT

Document ID: 69c62fb8fef566001fbd8549

## Sender information

| | |
|---|---|
| Sent On: | 03/27/2026 @ 03:20 EDT |
| Timezone: | Eastern Daylight Time |
| Sender: | Richard Mason richardmasontv@gmail.com |
| Sender IP: | 198.102.229.88 |

| Signer | Signature |
|---|---|
| Richard Mason<br>richardmasontv@gmail.com<br>Received: 03/27/2026 @ 03:20 EDT<br>Viewed: 03/27/2026 @ 03:20 EDT<br>Signed: 03/27/2026 @ 03:20 EDT | <br>IP: 198.102.229.88 |



eSign