**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:26-cv-22095-BLOOM**

RICHARD MASON,

Plaintiff,

v.

BANK OF AMERICA, N.A.,

Defendant.

______________________________/

**DEFENDANT BANK OF AMERICA, N.A.'S,**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Bank of America, N.A. ("BANA"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b), hereby moves to dismiss the operative Complaint (D.E. 1) ("Complaint") filed by Richard Mason ("Plaintiff") on March 27, 2026, and in support states:

## INTRODUCTION

This is Plaintiff's second attempt to bring causes of action against BANA related to the same BANA credit card account, the same alleged debt-collection calls, the same cellular telephone number, and the same purported May 2024 revocation letter. Plaintiff previously asserted counterclaims against BANA arising under the Telephone Consumer Protection Act ("TCPA"), the Florida Consumer Collection Practices Act

("FCCPA"), and the Florida Telephone Solicitation Act ("FTSA") in the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2025-122162-CC-05 (the "State Court Action"). *See* Compl. ¶ 22. This case is still pending.[1] There, the state court granted BANA's motion to dismiss Plaintiff's amended counterclaims with prejudice, the same claims in the present Complaint.

Now, despite that dismissal of those claims with prejudice, Plaintiff again seeks to re-assert the TCPA and FCCPA claims against BANA premised on the exact same alleged calls, account relationship, and revocation theory. In a nutshell, Plaintiff's Complaint is nothing more than a transparent and impermissible collateral attack on a final court order in the ongoing State Court Action. Having failed to prevent the lower court from dismissing his unsubstantiated claims, Plaintiff now attempts another bite at the apple by filing this Complaint and asserting the **same** deficient claims he has already asserted as counterclaims in the State Court Action. Accordingly, the Court should dismiss the Complaint, for the following reasons: (1) the claims are barred by res judicata and collateral estoppel and (2) the Complaint fails to state a cause of action.

## FACTUAL BACKGROUND

On July 29, 2025, BANA initiated the State Court Action against Plaintiff in Miami-Dade County based on Plaintiff's failure to pay the balance on his BANA credit

[1] *See generally*, *Bank of America, N.A. v. Richard Mason*, No. 2025-122162-CC-05 (Fla. Miami-Dade Cty. Ct. 2026).

card account (the "Account"), amounting to $11,733.61.[2] *See generally* **Exhibit A**. In response to the complaint, Plaintiff subsequently filed counterclaims within his answer and affirmative defenses alleging that BANA violated the TCPA, FCCPA, and the FTSA by engaging in automated calls to Plaintiff in attempts to collect the debt owed on the Account without Plaintiff's consent. *See* Compl. ¶ 22. The state court dismissed the initial counterclaims without prejudice for procedural reasons, after which Plaintiff filed an amended counterclaim, asserting the same claims (the "Amended Counterclaim"). A true and correct copy of the Amended Counterclaim in the State Court Action is attached as **Exhibit B**. Shortly thereafter, BANA moved to dismiss the Amended Counterclaim arguing that Plaintiff failed to properly plead his causes of action. On April 23, 2026, the state court agreed and dismissed all of Plaintiff's counts with prejudice. A true and correct copy of the state court's order granting BANA's motion to dismiss Plaintiff's counterclaims is attached hereto as **Exhibit C.** The court specifically held that Plaintiff could not state a TCPA claim because his allegations did not satisfy the automatic telephone dialing system ("ATDS") definition recognized by the United States Supreme Court, and because the alleged calls were tied to a creditor/debtor relationship rather than a randomly or sequentially generated number. *Id.* The court also dismissed Plaintiff's FCCPA claim with prejudice because the pleaded communications did not constitute actionable harassment. *Id.*

[2] A true and correct copy of the operative complaint in the State Court Action is attached hereto as **Exhibit A**.

Accordingly, all of Plaintiff's claims against BANA in the State Court Action were dismissed with prejudice. *Id.*

Unsatisfied with the lower court's final order, Plaintiff filed the present Complaint against BANA on March 27, 2026. The Complaint asserts causes of action under the TCPA (Counts I and II) and the FCCPA (Count III). Compl. ¶¶ 29–42. Specifically, Plaintiff alleges that BANA willfully and knowingly violated the TCPA by allegedly making ATDS-based calls to Plaintiff without his consent. *Id.* at ¶¶ 29–34. Plaintiff further alleges that BANA's calls to Plaintiff were so frequent as to constitute a violation of the FCCPA. *Id.* at ¶¶ 35–42. While the Complaint expressly acknowledges the State Court Action, Plaintiff attempts to plead around the state court's dismissal with prejudice. *Id.* at ¶¶ 22–28. The Complaint's claims are based on the same alleged BANA credit card debt, the same telephone number ending in 4675, the same May 2024 cease-and-desist letter, and the same alleged post-revocation calls that were the subject of Plaintiff's Amended Counterclaim in the State Court Action. Because each of Plaintiff's claims arises from the same nucleus of operative fact that was raised, litigated, and dismissed with prejudice in the State Court Action, the Complaint is barred by res judicata and must be dismissed for failure to state a claim.

## ARGUMENT

### I. STANDARD OF REVIEW

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient facts to state a facially plausible claim." *McWilliams v. Dixon*, No. 24-cv-

80055, 2024 WL 2193988, at *2 (S.D. Fla. Apr. 26, 2024) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court generally accepts the plaintiff's allegations as true and all plausible inferences derived therefrom. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). But "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation." *McWilliams*, 2024 WL 2193988, at *2 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). And, when allegations in the complaint conflict with a properly considered exhibit, the exhibit controls. *McDowell v. Miami Dade Hous.*, No. 19-cv-24030, 2020 WL 13615947, at *4 (S.D. Fla. May 18, 2020) ("A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls.") (internal citations omitted).

Moreover, a plaintiff cannot avoid dismissal with "bare assertions that amount to nothing more than formulaic recitation of the elements of plaintiff's cause of action, or conclusory allegations masquerading as facts and legal conclusions." *Almonor v. BankAtlantic Bancorp, Inc.*, No. 07-61862-CIV, 2009 WL 8412125, at *3 (S.D. Fla. July 15, 2009). "Dismissal for failure to state a claim is proper if the factual allegations are not enough to raise a right to relief above the speculative level." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010).

## II. RES JUDICATA AND COLLATERAL ESTOPPEL BARS PLAINTIFF'S COMPLAINT

This Court should dismiss Plaintiff's claims based on the doctrine of res judicata because Plaintiff's claims are wholly based on the same issues and facts that were the subject of the adjudication on the merits in the State Court Action. "The doctrine of res judicata, or claim preclusion, bars the re-litigation of claims that were raised or could have been raised in a prior proceeding." *McCulley v. Bank of Am., N.A.*, 605 Fed. Appx. 875, 877 (11th Cir. 2015). Application of the doctrine requires four elements: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892 (11th Cir. 2013). Here, each of the res judicata elements are met as to Plaintiff's Complaint.

First, the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County was a court of competent jurisdiction over the State Court Action, where Plaintiff voluntarily asserted his counterclaims against BANA. *See* Ex. C.

Second, the State Court Action's order dismissing Plaintiff's Amended Counterclaim with prejudice operates as an adjudication on the merits as to the claims Plaintiff asserts in this action. The state court dismissed Count I (TCPA), Count II

(FCCPA), and Count III (FTSA) with prejudice, and expressly found that Plaintiff could not formulate viable claims based on the pleaded facts. *Id.*

Third, the relevant parties here, Plaintiff and BANA, are the same parties who litigated the State Court Action. Plaintiff was the defendant/counter-plaintiff in the State Court Action and is the plaintiff here; BANA was the plaintiff/counter-defendant in the State Court Action and is the defendant here.

As to the final element, both actions involve the same causes of action for res judicata purposes. The Complaint asserts TCPA and FCCPA claims against BANA related to the same alleged post-revocation calls, the same telephone number, the same alleged debt, and the same May 2024 revocation letter that were at issue in the State Court Action. *Compare* Compl. ¶¶ 12–28 *with* Ex. B.

To the extent Plaintiff attempts to argue that the Complaint includes new allegations or improved pleading language not asserted in the State Court Action, such argument is unavailing. Res judicata not only prevents a party from re-litigating an issue but also bars claims that could have been raised. *Lobo*, 704 F.3d at 893 (barring claims that arise out of the same nucleus of operative facts and/or are based on the same factual predicate as the former action); *see also Beepot v. J.P. Morgan Chase Nat'l Corp. Servs., Inc.*, 57 F. Supp. 3d 1358, 1372 (M.D. Fla. 2014). The relevant consideration is whether the two actions arise out of the same nucleus of operative facts. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1239 (11th Cir. 1999). Here, there can be no dispute that such a nucleus of operative facts ties together the State Court

Action and this action. In short, because Plaintiff's asserted claims arise from the same facts and could have been asserted in the State Court Action, they are barred.

## III. THE COMPLAINT FAILS TO ESTABLISH A CAUSE OF ACTION

Even if res judicata did not bar the Complaint, Counts I, II, and III fail independently as a matter of law because Plaintiff has failed to establish sufficient facts to plead a claim upon which relief can be granted.

### a. Plaintiff's TCPA Claims Fail as Matter of Law.

In order to state a cause of action under the TCPA, a plaintiff is required to show that: (1) the defendant made a call or sent a text to a specific phone line; (2) the defendant used an ATDS or an artificial/prerecorded voice; and (3) the communication was sent without the recipient's prior express consent. *Horn v. Liberty Ins. Underwriters, Inc.*, No. 9:18-CV-80762, 2018 WL 7857945, at *3 (S.D. Fla. Oct. 18, 2018).

Here, the central question is whether BANA's alleged calls to Plaintiff fall under the definition of ATDS. They do not. In *Facebook, Inc. v. Duguid*, the Supreme Court held that in order to qualify as an (ATDS) under TCPA, "a device must have the capacity either to store a telephone number using a random or sequential number generator, or to produce a telephone number using a random or sequential number generator." 592 U.S. 395, 395 (2021). Thus, in order to state a cause of action it is not sufficient to just state that one received a call from an auto dialer but a plaintiff must also state that the auto dialer had the ability to either store a telephone number using a random or sequential number generator, or to produce a telephone number using a

random or sequential number generator. *Solis v. Citibank*, N.A., No. 24-21356-CV, 2025 WL 1723315, at *8 (S.D. Fla. May 15, 2025), *aff'd*, No. 25-12082, 2026 WL 797317 (11th Cir. Mar. 23, 2026). "[A] plaintiff must provide sufficient support" for each element, meaning they "may not merely recite the statutory elements of the use of an ATDS ...." *Adams v. Ocwen Loan Servicing, LLC*, 366 F. Supp. 3d 1350, 1353, 1355–56 (S.D. Fla. 2018).

In Counts I and II, Plaintiff alleges that he received "multiple auto-dialed calls from BANA in an attempt to collect" the credit card debt for the BANA Account under Plaintiff's name ending in 1024. *See* Compl. ¶¶ 13, 29–34. The number BANA allegedly called was not a number stored or produced by a random or sequential number generator; it was a number directly tied to Plaintiff's Account. BANA's alleged calls to Plaintiff cannot be deemed to fall under the definition of ATDS. The state court already reached the same conclusion when dismissing Plaintiff's TCPA counterclaim with prejudice. *See generally*, Ex. C. Accordingly, Counts I and II fail as a matter of law.

Count II also fails because it is not a separate substantive cause of action. Rather, it seeks enhanced damages for an alleged knowing or willful TCPA violation. Because Plaintiff fails to state an underlying TCPA claim, Count II necessarily fails as well.

**b. Plaintiff's FCCPA Claim Fails as a Matter of Law.**

Count III, which alleges FCCPA violations, also fails as a matter of law. Florida Statutes § 559.72(7) provides that "a person may not ... [w]illfully

communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." To plead such a claim, Plaintiff must do more than recite the statute or characterize ordinary debt-collection activity as harassment. *Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1373 (S.D. Fla. 2011) ("Plaintiff simply makes the conclusory allegation that Defendants (again improperly lumping them together) 'knew they did not have a legal right to use such collection techniques,' without any specific factual allegations as to each Defendants' knowledge, much less what legal right was asserted and how that legal right somehow did not exist."); *Bacelli v. MFP, Inc.*, 729 F. Supp. 2d 1328, 1337–38(M.D. Fla. 2010) (a plaintiff must show that communications were willfully placed and that the frequency could reasonably be expected to harass). The Complaint does not meet that standard.

In Count III, Plaintiff alleges that BANA called Plaintiff's cellular phone "at least once daily" after Plaintiff "orally demanded that Bank of America not call him anymore" and that these alleged actions "were willful, malicious, intentional and knowing, and in gross or reckless disregard of the rights of the Plaintiff." *See* Compl. ¶¶ 39–41. But the Complaint does not plead specific facts showing abusive content, threats, profane language, repeated calls after direct conversations, calls at unusual hours, calls to third parties, or any other aggravating conduct that would transform account-related collection calls into harassment as a matter of law. The FCCPA requires facts supporting a plausible inference of willful harassment, not merely a

debtor's subjective frustration with collection communications. *See Bentley*, 773 F. Supp. 2d at 1373. Furthermore, the state court already held that Plaintiff's pleaded creditor/debtor communications, legal filings, and required mailings did not state a claim under the FCCPA. *See* Ex. C. at ¶ 3. The Complaint's attempt to reassert an FCCPA theory arising from the same alleged communications does not cure that defect. Accordingly, Count III fails as a matter of law.

## IV. ANY AMENDMENT WOULD BE FUTILE

Even if the Court were inclined to grant Plaintiff leave to amend, any amendment would be futile. "Although a district court 'should freely give leave [to amend] when justice so requires,' Fed. R. Civ. P. 15(a)(2), it may deny leave, sua sponte or on motion, if amendment would be futile." *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020) (quoting *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 764 F.3d 1327, 1344 (11th Cir. 2014)). In other words, if the legal deficiencies in a complaint cannot be cured by repleading, any attempts to amend are futile and should be denied. Here, the defects in Plaintiff's Complaint are not technical or pleading related, they are substantive and incurable as a matter of law. Plaintiff has now attempted to bring TCPA and FCCPA claims against BANA twice yet the legal deficiencies remain. Because Plaintiff cannot, as a matter of law, allege any causes of action against BANA under the TCPA and FCCPA, amendment would be futile.

## CONCLUSION

WHEREFORE, Defendant Bank of America, N.A., respectfully requests the Court grant this Motion and dismiss the Complaint in its entirety, with prejudice, and award any such other relief it deems proper.

## RULE 7.1(a)(2) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), certification of conferral is not required because this is a motion to dismiss for failure to state a claim.

Dated: June 12, 2026

Respectfully submitted,

By *__/s/ Jason R. Bowyer__*

Jason R. Bowyer (Lead Counsel)
Florida Bar No. 0693731
jbowyer@mcguirewoods.com
flservice@mcguirewoods.com
Steffanny Acevedo-Perez
Florida Bar No. 1074628
sacevedo@mcguirewoods.com
fladmin@mcguirewoods.com
**McGuireWoods LLP**
50 North Laura Street, Suite 3300
Jacksonville, Florida 32202
(904) 798-3200
(904) 798-3207 (fax)

*Counsel for Defendant Bank of America, N.A.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 12, 2026, a true copy of the foregoing was filed with the Clerk of Court using the CM/ECF system. I also certify that the foregoing was sent via U.S. Mail on the following:

Richard Mason
1065 SW 8th Street, PMB 5542
Miami, FL 33130

*/s/ Jason R. Bowyer*
Attorney