**DEFENDANT BANK OF AMERICA, N.A.'S, MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# EXHIBIT C

**Order Granting BANA's Motion to Dismiss Plaintiff's Amended Counterclaim in State Court Action**

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**IN THE COUNTY COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2025-122162-CC-05
SECTION: CC01
JUDGE: Michael Barket

**Bank Of America, N.a.**

Plaintiff(s) / Petitioner(s)

vs.

**Richard Mason**

Defendant(s) / Respondent(s)

______________________________/

**ORDER GRANTING PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS DEFENDANT/COUNTER-PLAINTIFF'S AMENDED COUNTERCLAIM WITH PREJUDICE**

DIN:33

THIS CAUSE having come before this Honorable Court for hearing on March 26, 2026, on Plaintiff/Counter-Defendant's ("BOA") Motion to Dismiss Defendant/Counter-Plaintiff's ("MASON") Amended Counterclaim, the parties being fully aware and the Court being otherwise fully advised in the premises;

IT IS HEREBY ORDERED AND ADJUDGED THAT:

1. The function of a motion to dismiss a complaint or counterclaim is to raise as a question of law the sufficiency of the facts alleged to state a cause of action. *Connolly v. Seveco*, Inc. 89 So.2d 482 (Fla. 1956). When considering a motion to dismiss, the trial court must look only to the four corners of the complaint, assume all allegations contained therein to be true, and draw all reasonable inferences in favor of the pleader. *Bolz v. State Farm Mut. Ins. Co.*, 679 So.2d 836 (Fla. 2d DCA 1996); *Provence v. Palm Beach Taverns, Inc.*, 676 So.2d 1022 (Fla. 4th DCA 1996); *Shahid v. Campbell*, 552 So.2d 321 (Fla. 1st DCA 1989). A motion to dismiss admits all well plead allegations of the pleading to which it is directed and asserts that the pleading does not state a cause of action based on the grounds specified. *Connolly v. Seveco*, Inc. 89 So.2d 482 (Fla. 1956); *Withers v. Flagship People's Bank of Tallahassee*, 473 So.2d 789 (Fla. 1st DCA 1985).
2. Count I of MASONs Amended Counterclaim is for alleged violations of the Telephone Consumer Protection Act ("TCPA"). Courts have generally required three essential elements for the cause of action which must be pled to state a cause of action. (1) the defendant made a call or sent a text to a specific phone line; (2) the defendant used an automatic telephone dialing system ("ATDS") or an artificial/prerecorded voice; and (3) the communication was sent

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

without the recipient's prior express consent.

The seminal case in defining an ATDS for the second element of the cause of action comes from the Supreme Court in *Facebook, Inc. v. Duguid, 592 U.S. 395 (2021)*, which narrowly construed the definition in its statutory analysis. The Court held that in order to qualify as an ATDS under the TCPA, "a device must have the capacity either to store a telephone number using a random or sequential number generator, or to produce a telephone number using a random or sequential number generator." *Id. at pages 279 – 283*. Thus, in order to state a cause of action it is not sufficient to just state that one received a call from an automated dialer but that the dialer had the ability to either store a telephone number using a random or sequential number generator, or to produce a telephone number using a random or sequential number generator. MASON does not allege in his Amended Counterclaim that BOA deployed such an ATDS. As such, MASON has not stated a cause of action.

Failure to allege that the ATDS was a device that has the capacity to either store a telephone number using a random or sequential number generator, or to produce a telephone number using a random or sequential number generator, is an essential element of the cause of action under the TCPA, which was not pled by MASON. Additionally, the court notes that as per the Complaint and Counterclaim, the parties had a creditor/debtor relationship. If indeed MASON was contacted by the BOA using an automated dialer, the telephone number called could not have been a number randomly or sequentially generated and was instead a telephone number provided by MASON at the time of initiation of the subject credit account. As such, MASON will not be able to formulate a claim with the requisite definition of an ATDS. The court also adds that MASON, during the hearing on this matter, consented to the dismissal of this count with prejudice. The court hereby DISMISSES COUNT I OF MASON'S AMENDED COUNTERCLAIM WITH PREJUDICE.

3. Count II of MASON's Amended Counterclaim is for an alleged violation of Florida Statute

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

559.72(7). Said section states that it is a violation of Florida Consumer Collection Practices Act ("FCCPA") to "[w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

MASON does not allege that any of the communications initiated by BOA or their collection counsel were with such frequency that could be reasonably expected to harass MASON but rather is claiming that by mailing responses to two requests he initiated, BOA had engaged in conduct that can be reasonably expected to abuse or harass him.

MASON's Amended Counterclaim attaches a letter directed at BOA marked as Exhibit "C" and dated May 21, 2024, where it directs the BOA to not communicate with MASON via all forms of communication including email. MASON then sends a request for validation of debt under 15 U.S.C. 1692g to BOA's counsel as shown in Exhibit "D".

Under 15 U.S.C. 1692g(b) BOA's counsel is then required to mail verification of debt to the consumer in order to resume collection of the debt.

## (b) Disputed debts

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy

(j) "Telephonic sales call" means a telephone call, text message, or voicemail transmission to a consumer for the purpose of

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

> soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes. F.S. 501.059(j).

MASON's Amended Counterclaim fails to allege that any of the calls purportedly made by BOA were for the purposes of soliciting a sale or soliciting an extension of credit. As previously noted by the court, the parties here had a pre-existing creditor/debtor relationship.
F.S. s. 501.059, is meant to govern sales or telemarketing calls, and not calls with parties that have a pre-exiting relationship, such as the one in this matter. F.S. s. 501.059(k) states "'[u]nsolicited telephonic sales call' means a telephonic sales call other than a call made . . . [p]rimarily in connection with an existing debt or contract, if payment or performance of such

> of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is **mailed** [emphasis added] to the consumer by the debt collector. 15 USC 1692g(b)

By Federal Statute, BOA, through its attorneys, is required to mail the verification of debt. MASON who earlier advised BOA not to communicate specifically through email, asserts that he can now direct BOA to circumvent the requirements of 15 U.S.C. 1692g(b) and abide by his directive to send such responses via email. This subversion of the law and facts can not support a basis for a cause of action under F.S. s. 559.72(7).

The other basis for the alleged violation of F.S. s. 559.72(7), are legal filings that were purportedly mailed to MASON by BOA's collection counsel. These documents can not form the basis of a violation of F.S. 559.72(7) as they are not communications in furtherance of collection of the claim as anticipated the statue, a required element of any such action. They are nothing more than legal filings that must be served upon MASON. Florida Rule of Civil

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

Procedure 2.516 requires service of legal pleadings on unrepresented parties to be made by mail unless there is a designation of email address filed by the unrepresented party or if the unrepresented party registers with the portal. In this case neither was done by MASON. As such, mail service of the legal filings was proper.

MASON is unable to state a cause of action for violation of F.S. 559.72(7) based on the factual allegations he has raised in his Amended Counterclaim. Even taking those allegations as true and in the light most favorable to MASON, these facts do not support a finding of willful communication with such frequency as can reasonably be expected to harass or to willfully engage in other conduct which can reasonably be expected to abuse or harass. As such, the court hereby DISMISSES COUNT II OF MASON'S AMENDED COUNTERCLAIM WITH PREJUDICE.

4. MASON's Count III alleges violation of the Florida Telephone Solicitation Act, F.S. s. 501.059 ("FTSA"). This act is inapplicable to the actions of BOA as alleged by MASON in his Amended Counterclaim. In order for the calls alleged to have been made by BOA to be actionable, the calls complained of must have been "Telephonic Sales Calls" as specifically defined in the statute.

debt or contract has not been completed at the time of such call [or] . . . [t]o a person with whom the telephone solicitor has a prior or existing business relationship . . ."

MASON is unable to state a cause of action under F.S. s. 501.059. As such, the court hereby DISMISSES COUNT III OF MASON'S AMENDED COUNTERCLAIM WITH PREJUDICE.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 23rd day of April, 2026.

2025-122162-CC-05 04-23-2026 12:23 PM

2025-122162-CC-05 04-23-2026 12:23 PM
Hon. Michael Barket

**COUNTY COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**

- Kristina B. Moehle: kmoehle@andreupalma.com
- Jorge L Palma: eservice@andreupalma.com
- Jorge L Palma: jpalma@andreupalma.com
- Juan G. Andreu: eservice@andreupalma.com
- Juan G. Andreu: jandreu@andreupalma.com
- Juan G. Andreu: abcfleservice@abclegal.com
- Richard Mason: richardmasontv@gmail.com
- Richard Mason: iamRichardMason@gmail.com

**Physically Served:**

- RICHARD MASON: 1065 SW 8TH STPMB 5542, MIAMI, Florida, 33130