IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA MIAMI DIVISION

CASE NO.: 1:26-cv-22095-BLOOM

RICHARD MASON

Plaintiff,

vs.

BANK OF AMERICA, N.A.

Defendant.

_______________________________/

FILED BY [signature] D.C.
JUN 15 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

COMES NOW the Plaintiff, RICHARD MASON, appearing pro se, and hereby files this Response in Opposition to Defendant, BANK OF AMERICA, N.A.'s Motion to Dismiss Plaintiff's Complaint, and in support thereof states as follows:

## I. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests only the legal sufficiency of the complaint. The Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in Plaintiff's favor. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Dismissal is appropriate only if the complaint fails to state a claim that is plausible on its face.

## II. RES JUDICATA DOES NOT BAR PLAINTIFF'S FEDERAL CLAIMS

Defendant bears the burden of establishing all four elements of res judicata. In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001). While the first three elements may be satisfied, Defendant has failed to establish the fourth element — identity of the causes of action.

### A. Plaintiff Expressly Informed the State Court That He Intended to Pursue the TCPA Claim in Federal Court

During the March 26, 2026 hearing on Plaintiff's Amended Counterclaim, Plaintiff expressly informed the state court that he wished to pursue his TCPA claim in federal court due to the court's expressed reluctance to entertain federal TCPA claims in county court. The following day, Plaintiff filed a Statement of the Evidence (Exhibit A) pursuant to Fla. R. App. P. 9.200(b)(4), documenting this conditional consent. Defendant never filed any objection or competing statement challenging Plaintiff's account of the proceedings.

Because Plaintiff's consent to the "with prejudice" dismissal was expressly limited to allowing him to refile the claim in the proper federal forum under Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012), the state court's order should not be given preclusive effect as to Plaintiff's federal TCPA claim.

### B. The Federal FCCPA Claim Arises from Different Conduct

Plaintiff's federal FCCPA claim is based on materially different conduct than the FCCPA claim dismissed in state court. In the state court action, Plaintiff's FCCPA claim

was based on physical mailings sent by Defendant's counsel after Plaintiff requested email-only communication. In contrast, the federal FCCPA claim is based on fifteen (15) automated or prerecorded telephone calls placed directly by Bank of America to Plaintiff's cellular telephone after Plaintiff revoked consent in writing on May 24, 2024.

These are different communications, different methods of contact, and a different nucleus of operative facts. Res judicata does not bar claims arising from distinct wrongful conduct. See In re Piper Aircraft Corp., 244 F.3d at 1296.

### C. The Federal Complaint Contains Additional Factual Support

The present Complaint is supported by detailed call logs (Exhibit A) and a recording of a prerecorded voicemail message (Exhibit D). These specific factual allegations and exhibits were not fully developed or adjudicated on the merits in the state court proceeding. At a minimum, whether the two actions arise from the same nucleus of operative facts presents a factual question that cannot be resolved against Plaintiff at the pleading stage.

## III. PLAINTIFF'S TCPA CLAIM STATES A PLAUSIBLE CAUSE OF ACTION

Even if res judicata did not apply, Plaintiff's TCPA claim survives dismissal. The Complaint alleges that Defendant placed fifteen (15) automated or prerecorded calls to Plaintiff's cellular telephone after Plaintiff revoked consent in writing on May 24, 2024. These allegations are supported by documentary evidence attached to the Complaint.

At the pleading stage, Plaintiff is not required to allege the precise technical specifications of Defendant's dialing equipment. Whether Defendant's system qualifies as

an ATDS under Facebook, Inc. v. Duguid, 592 U.S. 395 (2021), or whether Defendant used a prerecorded or artificial voice, are fact-intensive questions that require discovery. See Gadelhak v. AT&T Servs., Inc., 950 F.3d 458, 464 (7th Cir. 2020).

Moreover, Plaintiff has now cured the pleading deficiencies identified by the state court by providing more detailed factual allegations and supporting exhibits. Courts routinely allow TCPA claims to proceed past the motion to dismiss stage when supported by allegations of automated or prerecorded calls after revocation of consent.

## IV. PLAINTIFF'S FCCPA CLAIM STATES A PLAUSIBLE CAUSE OF ACTION

Plaintiff's FCCPA claim states a plausible cause of action. The Complaint alleges that Defendant placed fifteen (15) automated or prerecorded calls to Plaintiff's cellular phone after Plaintiff revoked consent in writing. These calls were made in an attempt to collect a debt after Plaintiff had clearly withdrawn consent to be contacted by telephone.

This conduct plausibly constitutes willful communication that could reasonably be expected to abuse or harass under Fla. Stat. § 559.72(7). Unlike the state court FCCPA claim (which involved mailings by counsel), the federal claim is based on repeated automated telephone calls placed directly by Bank of America after revocation. This states a plausible claim under the FCCPA.

## V. AMENDMENT WOULD NOT BE FUTILE

Should the Court find any deficiencies in the Complaint, Plaintiff respectfully requests leave to amend pursuant to Rule 15(a)(2). Plaintiff is proceeding pro se and can provide additional factual detail regarding the calls, revocation of consent, and supporting

evidence. Dismissal with prejudice would therefore be inappropriate.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss should be denied.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Deny Defendant's Motion to Dismiss in its entirety; and
2. Permit this case to proceed to discovery.

Dated: June 12, 2026

Respectfully submitted,

eSigned by:
06.12.2026 @ 19:20 EDT

Richard Mason
Plaintiff, Pro Se
No Residential Mailing Address
(786) 416-4675
RichardMasonTV@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on Defendant's counsel, Jason R. Bowyer, via email at JBowyer@mcguirewoods.com and flservice@mcguirewoods.com on this 12th day of June, 2026.

# Signature Certificate

Document completed by all parties on 06/12/2026 @ 19:20 EDT

Document ID: 6a2c942791aa79001fdf2295

## Sender information

Sent On: 06/12/2026 @ 19:20 EDT

Timezone: Eastern Daylight Time

Sender: Richard Mason richardmasontv@gmail.com

Sender IP: 198.102.229.74

| Signer | Signature |
|---|---|
| Richard Mason<br>richardmasontv@gmail.com<br>Received: 06/12/2026 @ 19:20 EDT<br>Viewed: 06/12/2026 @ 19:20 EDT<br>Signed: 06/12/2026 @ 19:20 EDT | <br>IP: 198.102.229.74 |



eSign

# EXHIBIT A

## DEFENDANT'S STATEMENT OF THE EVIDENCE OR PROCEEDINGS

IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2025-122162-CC-05

BANK OF AMERICA, N.A.

Plaintiff,

vs.

RICHARD MASON

Defendant.

_______________________________/

**DEFENDANT'S STATEMENT OF THE EVIDENCE OR PROCEEDINGS**

**(Pursuant to Fla. R. App. P. 9.200(b)(4))**

Defendant/Counter Plaintiff, Richard Mason, appearing pro se, respectfully submits this Statement of the Evidence or Proceedings because both special set hearings in this matter were not recorded and no official transcript exists.

1. On February 11, 2026, the Court held a special set hearing on Plaintiff's Motion to Dismiss Defendant's initial Counterclaim. The Court granted the motion without prejudice and expressly allowed Defendant one opportunity to re-file the counterclaims as a separate pleading for procedural correctness. Defendant had initially included the counterclaims within his Answer and Affirmative Defenses filed on August 26, 2025. Defendant timely filed the Amended Counterclaim on February 12, 2026.

2. On March 26, 2026, the Court held a second special set hearing on Plaintiff's Motion to Dismiss the Amended Counterclaim. During the hearing, Defendant informed the Court that, in light of the Court's statements regarding its reluctance to hear federal TCPA claims, Defendant wished to pursue the TCPA claim in federal court instead. The Court nevertheless dismissed all counterclaims with prejudice.

3. No court reporter was present at either hearing, and no audio or video recording was made. No official transcript of either proceeding exists.

Defendant submits this Statement in good faith to create a record of the proceedings for any future appellate or related proceedings.

Dated: March 27, 2026

Respectfully submitted,

eSigned by

03/27/2026 @ 03:20 EDT

Richard Mason
Defendant, Pro Se
No Residential Mailing Address
(786) 416-4675
RichardMasonTV@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by:

☑ Florida Courts E-Filing Portal

☐ USPS Certified Mail

to Plaintiff's counsel, Juan G. Andreu, FL 173060, at email address eservice@andreupalma.com, on this 27th day of March, 2026.

# Signature Certificate

Document completed by all parties on 03/27/2026 @ 03:20 EDT
Document ID: 69c62fb8fef566001fbd8549

## Sender information

| | |
|---|---|
| Sent On: | 03/27/2026 @ 03:20 EDT |
| Timezone: | Eastern Daylight Time |
| Sender: | Richard Mason richardmasontv@gmail.com |
| Sender IP: | 198.102.229.88 |

## Signer

Richard Mason
richardmasontv@gmail.com

| | |
|---|---|
| Received: | 03/27/2026 @ 03:20 EDT |
| Viewed: | 03/27/2026 @ 03:20 EDT |
| Signed: | 03/27/2026 @ 03:20 EDT |

## Signature

IP: 198.102.229.88



eSign

Case No.: 1:26-CV-22095

UNITED STATES POSTAL SERVICE.

Retail

P

US POSTAGE PAID

$12.90

Origin: 33012
06/13/26
1138310361-30

PRIORITY MAIL®

0 Lb 3.30 Oz

RDC 03

EXPECTED DELIVERY DAY: 06/16/26

C071

SHIP TO:
RM 8N09
400 NORTH MIAMI AVE
MIAMI FL 33128-1805

USPS TRACKING® #

9505 5161 5872 6164 3346 94

PS000

OD: 12 1/2 x 9 1/2

...cted
...estic
...S Trac
...ed int
...n used
...e does
... Mail M
...ernatio
...AT I
...ATE I
...ACK

...ORITY®
...AIL

...ply).*
...ational destinations.
...ed.
...ee the
...s of coverage.
...ule free Package Pickup,
...an the QR code.
...S.COM/PICKUP

PAPER POUCH

how2recycle.info

FROM:

UNITED STATES POSTAL SERVICE® | PRIORITY® MAIL

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM: Richard Mason
Plaintiff, Pro Se
1065 SW 8th Street, PMB 5542
Miami, FL 33130

TO: Clerk of Court
United States District Court
Southern District of Florida
Wilkie D. Ferguson, JR. U.S. Courthouse
400 North Miami Avenue, Room 8N09
Miami, FL 33128

Label 228, December 2023

FOR DOMESTIC AND INTERNATIONAL USE

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.