**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:26-cv-22095-BLOOM**

RICHARD MASON,

Plaintiff,

v.

BANK OF AMERICA, N.A.,

Defendant.

_______________________________/

**DEFENDANT BANK OF AMERICA, N.A.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Bank of America, N.A. ("BANA"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7.1(c), hereby files its reply to Plaintiff Richard Mason's ("Plaintiff") Response in Opposition to BANA's Motion to Dismiss Complaint filed on June 15, 2026, [D.E. 18] ("Response") and in support states as follows:

## INTRODUCTION

Plaintiff's Response confirms what BANA's Motion demonstrated: this lawsuit is a second attempt to litigate the same debt-collection dispute that was already adjudicated and dismissed with prejudice by the County Court for Miami-Dade County. Knowing all too well that his claims have already seen their day in court, Plaintiff effectively concedes the first three elements of res judicata—identity of parties,

court of competent jurisdiction, and final judgment on the merits—and disputes only whether the claims arise from the same cause of action. They do.

Rather than identify any factual basis distinguishing this action from his failed state court counterclaims, Plaintiff argues that his preferred forum is federal court, that he used new labels or added evidentiary detail to his claims, and that he "cured" the deficiencies identified by the state court. None of these arguments avoids the preclusive effect of a dismissal with prejudice. The Complaint arises from the same BANA credit card account, the same cellular telephone number, the same May 2024 cease-and-desist letter, and the same alleged post-revocation debt-collection activity. Not only does res judicata bar this entire action, the Complaint also independently fails to state a claim for the reasons set forth in BANA's Motion [D.E. 17] and below. Accordingly, the Complaint must be dismissed with prejudice.

## I. THE CLAIMS ARISE FROM THE SAME NUCLEUS OF OPERATIVE FACTS

Plaintiff does not seriously contest that the first three elements of res judicata are satisfied. Nor could he. Plaintiff's sole defense is that the "causes of action" differ because his federal complaint focuses on telephone calls while his state counterclaim focused on mailings. *See* D.E. 18 at 2-3. This distinction is unavailing. Under Eleventh Circuit law, res judicata bars all claims that were or could have been raised in the prior suit so long as the claims arise from the "same nucleus of operative fact, or is based upon the same factual predicate, as a former action." *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892–93 (11th Cir. 2013) ("The test for a common nucleus

of operative fact is whether the same facts are involved in both cases, so that the present claim could have been effectively litigated with the prior one."); *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1297-1301 (11th Cir. 2001); *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1239 (11th Cir. 1999). The nucleus here is BANA's alleged post-revocation collection activity on account ending in 1024, directed to Plaintiff's phone number ending in 4675, after the alleged May 2024 cease-and-desist letter. *See* Compl. ¶¶13-15; *see also* D.E. 18 at 3 ("[T]he federal FCCPA claim is based on…calls placed directly by Bank of America to Plaintiff's cellular telephone after Plaintiff revoked consent in writing on May 24, 2024."). The telephone calls Plaintiff now complains of predated his amended state court counterclaim and its dismissal. Plaintiff could have and should have raised them in state court. That he chose not to, or failed to do so adequately, does not give him a second chance.

## II. *MIMS* DOES NOT CREATE AN EXCEPTION TO CLAIM PRECLUSION

Plaintiff incorrectly asserts that he is entitled to pursue his TCPA claims in federal court notwithstanding the state court dismissal because he allegedly "expressly informed the state court that he wished to pursue his TCPA claim in federal court." *See* D.E. 18 at 2. He further claims that his consent to the "with prejudice" dismissal of the State Court Action "was expressly limited to allowing him to refile the claim in the proper federal forum." *Id.* Plaintiff cites *Mims v. Arrow Financial Services, LLC* as support for this claim; however, *Mims* is wholly irrelevant here. 565 U.S. 368 (2012). *Mims* stands for the proposition that federal courts have concurrent jurisdiction over

TCPA claims—it says nothing about negating the preclusive effect of a prior state court adjudication. *Id.* at 372 ("We find no convincing reason to read into the TCPA's permissive grant of jurisdiction to state courts any barrier to the U.S. district courts' exercise of the general federal-question jurisdiction they have possessed."). Accordingly, *Mims* by no means implies that Plaintiff can just disregard a lower court's final order and refile the same claim in federal court in hopes of getting a different result. *Mims* does not permit forum shopping after losing on the merits, and Plaintiff cites no authority for that remarkable proposition. Because state courts indisputably have jurisdiction over TCPA claims, a state court's final judgment on a TCPA claim carries full preclusive effect in subsequent federal proceedings. *See New Port Largo, Inc. v. Monroe Cnty.*, 95 F.3d 1084, 1089 (11th Cir. 1996) ("It is now well established that ... a federal court must give the same full faith and credit to the records and judicial proceedings of any state court that they would receive in the state from which they arise.") (internal citation omitted).

Furthermore, Plaintiff's reliance on his unilateral "Statement of the Evidence" is misplaced. That filing does not alter the state court's order, does not reserve any rights, and does not convert the dismissal with prejudice into a dismissal without prejudice. The order is unambiguous: Plaintiff's amended counterclaim was dismissed with prejudice. If Plaintiff believed the order mischaracterized his consent or the proceedings, his remedy was a motion for rehearing, clarification, or appeal in the state court—not a collateral attack in federal court. *See Horan v. Select Portfolio Servicing, Inc.*,

No. 23-cv-81386, 2024 WL 1052017, at *2 (S.D. Fla. Mar. 11, 2024) (res judicata applies where plaintiff seeks to relitigate claims adjudicated in state court).

## III. PLAINTIFF IS REQUIRED TO PLEAD SUFFICIENT FACTS TO ESTABLISH HIS ATDS THEORY

Plaintiff also argues that he need not plead the "precise technical specifications" of BANA's dialing equipment at the pleading stage and that whether BANA's system qualifies as an ATDS is a "fact-intensive" question requiring discovery. *See* D.E. 18 at 3-4. This mischaracterizes BANA's argument and federal law. BANA does not contend that Plaintiff must plead the make, model, vendor, source code, or internal configuration of any alleged dialing system before discovery. What BANA does contend, however, is that Plaintiff must still allege facts that make it plausible that BANA used equipment that satisfies the statutory definition of an ATDS as required by federal law. *See Solis v. Citibank, N.A.*, No. 24-21356-CV, 2025 WL 1723315, at *8 (S.D. Fla. May 15, 2025), *aff'd*, No. 25-12082, 2026 WL 797317 (11th Cir. Mar. 23, 2026) (specifically granting a motion to dismiss because plaintiffs failed to "allege any facts to support the second element—that [Defendant] used an **ATDS** to contact [Plaintiff]."); *see also Camunas v. Nat'l Republican Senatorial Comm.*, 541 F. Supp. 3d 595, 602 (E.D. Pa. 2021) (Although "courts permit the allegation of an automatic system to be pled on information or belief" they "require additional factual information, such as the absence of a relationship between the parties and the random nature of the automation device.") (internal citation omitted).

As previously mentioned in BANA's Motion, a plaintiff cannot merely recite the statutory elements of the use of an ATDS, which is exactly what Plaintiff does in his Complaint. *Compare* Compl., ¶7, *with* Compl., ¶21; *see Adams v. Ocwen Loan Servicing, LLC*, 366 F. Supp. 3d 1350, 1355 (S.D. Fla. 2018). Accordingly, Plaintiff has failed to state a plausible ATDS claim.

## CONCLUSION

WHEREFORE, for the foregoing reasons and authorities, Bank of America, N.A. respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and grant such other and further relief as this Court deems just and proper.

Dated: June 22, 2026

Respectfully submitted,

By *_/s/ Jason R. Bowyer_*

Jason R. Bowyer (Lead Counsel)
Florida Bar No. 0693731
jbowyer@mcguirewoods.com
flservice@mcguirewoods.com
Steffanny Acevedo-Perez
Florida Bar No. 1074628
sacevedo@mcguirewoods.com
fladmin@mcguirewoods.com
**McGuireWoods LLP**
50 North Laura Street, Suite 3300
Jacksonville, Florida 32202
(904) 798-3200
(904) 798-3207 (fax)

*Counsel for Defendant Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 22, 2026, a true copy of the foregoing was filed with the Clerk of Court using the CM/ECF system. I also certify that the foregoing was sent via U.S. Mail on the following:

Richard Mason
1065 SW 8th Street, PMB 5542
Miami, FL 33130

*/s/ Jason R. Bowyer*
Attorney