UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 26-cv-22095-BLOOM

RICHARD MASON,

     Plaintiff,

v.

BANK OF AMERICA, N.A.,

     Defendant.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Bank of America, N.A.'s ("Defendant") Motion to Dismiss Plaintiff's Complaint ("Motion"), ECF No. [17]. Plaintiff Richard Mason ("Plaintiff") filed a Response in Opposition, ECF No. [18], to which Defendant filed a Reply, ECF No. [19]. The Court has carefully reviewed the Motion, the supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is granted.

## I.  BACKGROUND

Plaintiff's Complaint asserts claims for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and the Florida Consumer Collection Practices Act, Florida Statutes §§ 559.55–559.78 ("FCCPA"). ECF No. [1] ¶ 1.  Plaintiff alleges that sometime before May 24, 2024, he began receiving multiple auto-dialed calls from Defendant in an attempt to collect on alleged credit card debt. *Id.* ¶ 13. On May 24, 2024, Plaintiff sent Defendant a letter via certified mail revoking any prior express consent for communication and requesting that Defendant cease and desist from calling his phone number or any other number that it may have in its records. *Id.* ¶ 14.

In June 2024, Plaintiff began logging the debt collection calls he was receiving from Defendant. *Id.* ¶¶ 15, 16. Plaintiff blocked the number from which the auto-dialed calls were coming, but his mailbox began to fill up with Defendant's auto-dialed calls. *Id.* ¶ 17. To date, Plaintiff has received at least 15 auto-dialed calls since he revoked consent. *Id.* ¶ 20. Defendant's calls caused Plaintiff harm including "invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion, and filling his voicemail box to capacity." *Id.* ¶ 21.

Plaintiff, appearing *pro se*, filed counterclaims in a related state court action, alleging violations of the TCPA, FCCPA, and Florida Telephone Solicitation Act ("FTSA"). *Id.* ¶ 22. After his first counterclaim was dismissed without prejudice, Plaintiff filed an amended counterclaim, which was dismissed with prejudice after Plaintiff indicated that he wished to pursue the TCPA claim in federal court. *Id.*

On March 27, 2026, Plaintiff filed the present action, alleging Violation of the TCPA (Count I), Knowing and/or Willful Violation of the TCPA (Count II), and Violation of the FCCPA (Count III). ECF No. [1]. In the Motion, Defendant argues that Plaintiff's claims are barred by *res judicata* and collateral estoppel and otherwise fail to state a cause of action. ECF No. [17] at 2. Plaintiff responds that *res judicata* does not bar his claims and that his TCPA and FCCPA claims state plausible causes of action. ECF No. [18]. Defendant replies that Plaintiff does not effectively rebut Defendant's showing that *res judicata* applies to bar Plaintiff's claims. ECF No. [19].

## II.   LEGAL STANDARD

### A.  Motion to Dismiss

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this "plausibility standard," a plaintiff must plead

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* "A facially plausible claim must allege facts that are more than merely possible. . .. But if allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### B. *Pro se* Litigants

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)). Still, a *pro se* party must abide by "the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); *see also Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993) ("[A] court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it[.]").

Further, courts cannot serve as *de facto* counsel for a party and cannot rewrite a deficient pleading for the sake of sustaining an action. *See Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004). The Court cannot simply "fill in the blanks" to infer a claim, *Brinson v. Colon*, No. CV411–254, 2012 WL 1028878, at *1 (S.D. Ga. Mar. 26, 2012), as "it is not the Court's duty to search through a plaintiff's filings to find or construct a[n adequate] pleading[.]" *Sanders v. U.S. Gov't*, Civil Case No. 1:08–CV–0190–JTC., 2009 WL 1241636, at *3 (N.D. Ga. Jan. 22, 2009); *see Bivens v. Roberts*, No. 208CV026, 2009 WL 411527, at *3 (S.D. Ga. Feb. 18, 2009) ("[J]udges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal minds sometimes employ." (citing *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008))). In

determining whether a *pro se* litigant has stated a claim or established an adequate basis for jurisdiction, "the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations," while keeping in mind that "wildly implausible allegations in the complaint should not be taken to be true." *Miller*, 541 F.3d at 1100.

### C.  Futility of Amendment

Rule 15 of the Federal Rules of Civil Procedure directs that before trial, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be "freely given" absent a showing of "futility of amendment." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). When an amended complaint would still be "properly dismissed or be immediately subject to summary judgment for the defendant," a district court could determine that leave to amend the complaint is futile. *Rivas v. Bank of N.Y. Mellon*, 777 F. App'x 958, 965 (11th Cir. 2019) (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

## III.   DISCUSSION

Defendant argues that Plaintiff's claims must be dismissed because this case is duplicative of Plaintiff's amended counterclaim in *Bank of America, N.A. v. Richard Mason*, No. 2025-122162-CC-05 (Fla. Miami-Dade Cty. Ct. 2026) (the "State Court Action"), which was dismissed with prejudice. ECF No. [17] at 2–3. There, the court determined that Plaintiff could not state a claim for violations of the TCPA or FCCPA and dismissed both claims with prejudice. *Id.* at 3. Insofar as the Complaint's claims are "based on the same alleged [] credit card debt, the same telephone number ending in 4675, the same May 2024 cease-and-desist letter, and the same alleged post-revocation calls" and otherwise "arise[] from the same nucleus of operative fact that was raised, litigated, and dismissed with prejudiced," Defendant contends the Complaint must be dismissed as barred by *res judicata*. *Id.* at 4.

4

Plaintiff responds that *res judicata* does not bar his Complaint. ECF No. [18]. He argues that the causes of action are not the same, as Plaintiff informed the state court that he intended to pursue the TCPA claim in federal court, and the dismissal "with prejudice" "was expressly limited to allowing him to refile the claim in the proper federal forum." *Id.* at 2. Moreover, his current FCCPA claim arises from different conduct—the State Court Action was based on physical mailings, but the federal claim is based on fifteen calls. *Id.* at 2–3. Finally, the Complaint contains additional factual support, including call logs and a recording of the voicemail message. *Id.* at 3.

"Under res judicata, also known as claim preclusion, a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). A claim is barred by prior litigation if: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).

Here, each *res judicata* element has been satisfied. *See, e.g.*, *Dixon v. Bd. of Cnty. Com'rs Palm Beach Cnty., Fla.*, 518 F. App'x 607, 610 (11th Cir. 2013) (dismissing complaint on *res judicata* grounds where subsequent complaint was "identical in all relevant respects" and "both complaints name the same defendants and contain the same two claims concerning the defendants"). As to the first and second elements, the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, a court of competent jurisdiction, entered a final judgment in Plaintiff's State Court Action.[1] "In a conventional case, '[a] final order is one that ends the

---

[1] "The court may take judicial notice of another court's docket entries and orders for the limited purpose of recognizing the filings and judicial acts they represent." *Geico Indem. Co. v. Vazquez*, CASE NO. 15-61442-CIV-DIMITROULEAS, 2016 WL 10587207, at *1 n.2 (S.D. Fla. Nov. 4, 2016) (citing *McDowell Bey v. Vega*, 588 F. App'x 923, 926-27 (11th Cir. 2014)).

litigation on the merits and leaves nothing for the court to do but execute its judgment.'" *Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 823, 829 (11th Cir. 2010) (quoting *World Fuel Corp. v. Geithner*, 568 F.3d 1345, 1348 (11th Cir. 2009)). Indeed, a dismissal with prejudice "is deemed an adjudication on the merits for the purposes of res judicata." *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1170 (5th Cir. 1980).[2] The County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida dismissed Plaintiff's case with prejudice, finding that Plaintiff "will not be able to formulate a claim" with respect to his TCPA claim and that Plaintiff's facts "do not support a finding" of a violation of the FCCPA. ECF No. [17-3].

As to the third element, the State Court Action involved the same parties, as Plaintiff named only "Bank of America, N.A." in both actions. ECF No. [17-2] at 2; *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1502 (11th Cir. 1990) ("The third element of claim preclusion provides that a judgment will only bar subsequent claims involving the same parties or their privies.").

As to the fourth and final element, in both actions, Plaintiff asserts identical causes of action for violations of the TCPA and FCCPA. Contrary to Plaintiff's arguments, the cases are substantively the same, involving the same automated calls, the same cease-and-desist letter, and the same alleged credit card debt. The relevant inquiry for *res judicata* purposes is whether the claims "stem 'out of the same nucleus of operative fact.'" *Norfolk S. Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1290 (11th Cir. 2004) (quoting *Ragsdale*, 193 F.3d at 1239). Claims are precluded not only if they were actually brought in the prior case but if they "could have been brought in earlier litigation." *Moore v. Pak*, 402 F. App'x 491, 493 (11th Cir. 1998). Plaintiff's

---

[2] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Complaint alleges the same nucleus of operative facts and facts that could have been raised in the State Court Action.

Because the matter before this Court and the State Court Action involve the same parties and the same causes of action, and a court of competent jurisdiction rendered a final judgment in the State Court Action, this matter is barred by *res judicata*. *See Dixon*, 518 F. App'x at 610. Accordingly, the Court dismisses this matter with prejudice.[3]

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Defendant's Motion**, ECF No. [17],** is **GRANTED**.

2.  Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED WITH PREJUDICE**.

3.  The Clerk of Court is directed to **CLOSE** this case.

4.  To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 8, 2026.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

---

[3] Although generally, "a *pro se* litigant must be given an opportunity to amend his complaint[,] [a] district court need not allow amendment . . . where it would be futile." *Ferrier v. Atria*, 728 F. App'x 958, 962 (11th Cir. 2018) (internal citation omitted). Here, any amendment would be futile because Plaintiff's claims are barred by *res judicata*, "which prevents a party from raising claims that were raised or could have been raised in a previous action. Therefore, a more carefully drafted complaint 'would still be properly dismissed or be immediately subject to summary judgment for the defendant.'" *Id.* (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).